## **General Advice to the Defendant**

You have the right to counsel; that is, you have a right to have a lawyer represent you in these proceedings. You may waive your right to counsel and represent yourself, but only if you meet certain requirements. In particular, if you want to represent yourself, you must make a request to do so that is (1) clear and unequivocal, and not for purposes of delay or manipulation; (2) knowing, intelligent, and voluntary; and (3) timely.[1]

First, if you want to represent yourself, you must say so clearly and unequivocally.[2] If you do not make it clear that you want to represent yourself, then you will be represented by a lawyer. There is, in other words, a presumption that you will be represented by a lawyer; the only way to overcome that presumption is if you express your contrary desire clearly.

Second, your request for self-representation must be knowing, intelligent, and voluntary. In other words, before you decide what you want to do, you must understand the consequences of your decision. I want you to know what is at stake here. Although you need not be a lawyer, or have the skill and experience of a lawyer, in order to decide to represent yourself, you must be aware of the dangers and disadvantages of proceeding without one.

I will now try to explain to you the difficulties and dangers of self-representation. If I say something that you do not understand, please let me know, and I will try to explain it again. It is important that you understand the choice you are going to be making.

You are facing two very serious charges, including one count of conspiracy to commit international parental kidnapping, unlawfully use a means of identification, and enter by false pretenses the secure area of an airport, in violation of 18 U.S.C. § 371; and one count of international parental kidnapping, in violation of 18 U.S.C. § 1204. The maximum term of imprisonment for all four counts is 8 years' imprisonment. In addition, the Government has the ability to, and often does, add new charges before the case goes to trial. These charges may carry more severe penalties than the charges you are now facing. In the event that I determine today that you can represent yourself, and in the event that the Government adds new charges at some point before trial, I may hold another hearing to determine whether you still want to represent yourself in the proceeding given the new charges, but I may not.

Pre-trial, trial, and post-trial proceedings can be complex. They involve legal work, and require intimate familiarity with the Federal Rules of Criminal Procedure and the Federal Rules of Evidence. They are usually better done by a lawyer—especially a lawyer specializing in criminal defense—than a lay person, because the lawyer is specially trained to do them and has special knowledge of, and experience with, the substantive and procedural rules of law and of this Court. Obviously, there will be serious consequences if your defense is mishandled here.

It is almost always a good idea for a defendant in a criminal case to have a lawyer.

---

[1] Faretta v. California, 422 U.S. 806 (1975); Williams v. Bartlett, 44 F.3d 95, 99 (2d Cir. 1994).

[2] Williams, 44 F.3d at 99.

Nevertheless, the choice of whether to continue with your lawyer or to proceed *pro se* is entirely yours, so long as you make it in a knowing, intelligent and voluntary fashion, with a proper understanding of what is at stake.  I am only trying to ensure that you make an informed decision.

Third, and finally, timeliness:[3] If you make your choice today [or by _____], it will be timely, because we are still in the pre-trial phase of the case.  But I warn you for the future that you do not have a right to manipulate this Court.  You should think hard before making a decision, because it will have ongoing significance for you.  For example, if you choose to have a lawyer, and then later ask to represent yourself, and if I conclude that you are acting in bad faith and trying to delay, I may deny your request.  On the other hand, if you choose to represent yourself, you do not have an absolute right to withdraw your request for self-representation and have subsequent counsel appointed at a later point.  This is an important moment in the case and you have an important decision to make.

If you decide to represent yourself, I will appoint what is called "standby" counsel to assist you.  You will still largely control the presentation of your case, but you will have a lawyer to explain to you the details of courtroom protocol and the rules of evidence and procedure.  The standby lawyer will be there to help you, to investigate the facts and the law, identify possible defenses, and suggest appropriate motions to file.  Standby counsel is there to assist, but will not be permitted to interfere with your control of the case, with a few exceptions.

You do not have a right to reject the standby lawyer, and as I say, I have decided to appoint one for you if you decide to proceed *pro se*.[4]  So, if you represent yourself, you will have standby counsel.

Even with standby counsel, however, you will still largely control the presentation of your motions to me and your case to the jury.  For example, you will have a right to control the organization and content of your own defense, to make motions, to argue points of law, and to address the Court.  Standby counsel may not interfere with your control of the case.  You ultimately retain final authority over the case.  Of course, you will have to do all of these things within the limits set by the rules of courtroom procedure, evidence, and decorum.[5]

This is not to say, however, that standby counsel is prohibited from acting at all.  He or she may assist you to ensure your compliance with basic rules of courtroom protocol and procedure.[6]

If you do not waive your right to counsel and you are represented by a lawyer, then the lawyer will conduct your defense.

---

[3] See Williams, 44 F.3d at 99.

[4] See McKaskle v. Wiggins, 465 U.S. 168, 182-88 (1984).

[5] Id. at 183-84.

[6] McKaskle, 465 U.S. at 183.

To sum up, then, you have a right to be represented by a lawyer, and you have a right to represent yourself.  If you are represented by a lawyer, then it is the lawyer, and not you, who will conduct the defense.  Conversely, if you represent yourself, you will be able to perform the lawyer's core functions; but you will not necessarily be allowed to direct special appearances by counsel when it is convenient for you.  Standby counsel will be available to help you overcome routine procedural or evidentiary obstacles, and matters of courtroom protocol, again without undermining your actual control over the presentation of your defense.

You do not, however, have a right to "hybrid" representation, where you and a lawyer act as co-counsel in the conduct of your defense.[7]  If you elect to place standby counsel in an active role, or if you do not object when that happens, you could lose your right to represent yourself.  At a minimum, if you do that, any further participation by the lawyer will be presumed to be with your permission, and you will not be able to complain about it later.[8]

If you represent yourself, I am not going to treat you any differently than any other defendant,[9] and the court of appeals is not going to treat your case any differently.[10]  In other words, if you make the decision to represent yourself and you make mistakes, you are not going to be able to come back and complain about those mistakes to the court of appeals.  You will have accepted responsibility for your mistakes, and they will not be a basis for you to appeal your conviction.

There are some other things you should know.  If you do choose to represent yourself, you must understand that it does not give you license to abuse the dignity of the courtroom, or a license to violate the relevant rules of procedural and substantive law.  You must always abide by courtroom protocol and maintain proper decorum, and you may not improperly disrupt the proceedings.  You must, for example, follow the rules of evidence.  You must obey my rulings even if you disagree with them, knowing that you have preserved your objection for review by the appellate court.  If you deliberately engage in serious and obstructionist misconduct, I will terminate your self-representation.  If I am forced to do so, then standby counsel will take over the defense for you.[11]

If you have any questions, I will be happy to answer them at this time.  In a moment, I will ask you questions so that I can learn a little more about your background, education, job experience, and familiarity with the American legal system, in order to determine whether your decision today is made knowingly, intelligently, and voluntarily.  I will also inquire about any recent or regular use of alcohol, narcotics, or prescription medications to assure myself that your

---

[7] Id.

[8] Id.

[9] McKaskle, 465 U.S. at 183-84.

[10] See Faretta, 422 U.S. at 834 n.46.

[11] Id.

judgment today is not clouded. I will then hear your decision and make my own determination and findings about whether you have knowingly, intelligently, voluntarily, and unequivocally waived your right to counsel.