```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED:  __2/26/2021__

UNITED STATES OF AMERICA

    -v-

MATITYAU MOSHE MALKA,

    Defendant.

-----------------------------------------------------------------------X

19-CR-497 (05) (NSR)

ORDER

NELSON S. ROMÁN, United States District Judge:

On February 22, 2021, the Court held an in-person hearing pursuant to *Faretta v. California*, 422 U.S. 806 (1975), for Defendant Matityau Moshe Malka, who was present with appointed counsel. As explained below, the Court grants Defendant's request to waive his right to counsel and represent himself *pro se* and appoints his current counsel to serve as "standby" counsel.

The Sixth Amendment guarantees a criminal defendant the right to self-representation. *Id.* at 818-21. For a defendant to exercise his constitutional right to proceed pro se and waive counsel, the trial court must determine that the defendant is competent and that the waiver is made voluntarily, as well as "knowingly and intelligently." *Id.* at 835, 836 (citation omitted); *see United States v. Culbertson*, 670 F.3d 183, 193 (2d Cir. 2012); *United States v. Fore*, 169 F.3d 104, 108 (2d Cir. 1999).

During the *Faretta* hearing, the Court observed the Defendant's behavior and demeanor and verified that—though his primary language is Yiddish and he has no formal English education—he is able to understand spoken English, read English with assistance of a dictionary, and write in English with assistance; and he understands the charges against him. The Court

explained to Defendant and confirmed his understanding of his right to counsel and the ramifications of waiving that right to represent himself in this matter.

Accordingly, the Court determines that the Defendant (1) understands the nature of the proceedings and has the ability to consult with counsel and assist counsel in preparing a defense and is therefore competent to stand trial; (2) understands that he has the right to an attorney throughout these proceedings, (3) has the mental capacity to conduct trial proceedings by himself and put on his own defense at trial is therefore competent to waive his right to counsel, and (4) clearly and unequivocally waives his right to counsel knowingly, intelligently, voluntarily, and unequivocally.

Accordingly, the Court grants Defendant's request to proceed pro se, that is, to represent himself in this criminal case from this day on, and appoints Defendant's current CJA counsel, Joseph Vita and Howard Tanner, as "standby" counsel. The Court reiterates to Mr. Rosner that as he represents himself, he is required to comport with courtroom protocols and procedure, including the Federal Rules of Criminal Procedure and the Federal Rules of Evidence. Standby counsel is directed to mail a copy of this order to *pro se* Defendant and to file proof of service on the docket.

Dated: February 26, 2021
      White Plains, New York

SO ORDERED:

HON. NELSON S. ROMAN
UNITED STATES DISTRICT JUDGE