UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

    -against-

MATITYAU MOSHE MALKA and MORDECHAY MALKA,

                              Defendants.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: ___3/18/2021___

19 cr 497 (05) and (09) (NSR)

NELSON S. ROMÁN, United States District Judge:

      Pro se Defendants Matityau Moshe Malka (05) and Mordechay Malka (09) have requested approval for the use of CJA funds to purchase laptops they can use to prepare their respective defenses while detained at Westchester County Jail ("the Facility"). (ECF Nos. 215 and 217.) Defendants' requests state that without laptops they will be unable to write in English, conduct research, review discovery, or otherwise prepare their respective defenses in an effective and timely manner. The application is granted as follows:

    1. Standby Counsel for Defendants are authorized to procure with CJA funds, a laptop computer or similar device (hereinafter, "Electronic Device") for each Defendant **so that each pro se Defendant can prepare his own defense**. The Court also authorizes the use of CJA funds for necessary hard drives, software programs, charging cables, or adapters.

    2. Standby Counsel shall coordinate with the Facility to ascertain from the Facility what it will permit, to ensure that any Electronic Devices procured for Defendants are acceptable to the Facility, to confirm who at the Facility will accept delivery of such Electronic Devices, to confirm when Defendants will have access to their respective Electronic Devices, and to confirm where the Electronic Devices will be stored when not in use. Standby Counsel shall also ensure that any Electronic Devices procured for a Defendant is compatible with any external drives upon which

discovery has been or will be exchanged.

3. Once Standby Counsel have procured Electronic Devices for their respective Defendants, and prior to sending said Electronic Devices to the Facility, Standby Counsel shall confirm that the wireless and printing capabilities are configured in a manner acceptable to the Facility and that necessary software is installed and functional for word processing, Hebrew/Yiddish to English translation, and reviewing discovery materials. If the Facility indicates that access to the internet is not possible or only possible on a limited basis, Standby Counsel shall determine whether an inexpensive translation software program can be installed on each Defendant's Electronic Device that can be used without internet access and, if so, preload each Electronic Device with said program. Standby Counsel shall also create a password protected administrative account for each Electronic Device that is separate from the Defendant's password protected user account to prevent any user from making changes to the Electronic Device. Only Standby Counsel shall have access to administrative accounts.

4. Before Electronic Devices are sent to the Facility, they shall be clearly marked with the name, ID number, and Marshal's registration number of the Defendant who has been assigned to receive that particular Electronic Device.

5. **Each Defendant can access and use his Electronic Device on a temporary basis and at times approved by Facility personnel for the sole purpose of preparing his own defense in this matter.** The Electronic Device may not be used for any other purpose, including, but not limited to, personal correspondence. Use of the Electronic Device must take place in the Defendant's unit or a location where, to the extent possible, the Defendant is not disrupted. After each Defendant is finished using his Electronic Device for the day, each Defendant shall return the Electronic Device to the designated Officer for safekeeping.

6. Because of the volume of discovery and the complexity of this matter, the Court requests that each Defendant be afforded the ability to use his Electronic Device as much as possible, but no less than several hours each day, to the extent consistent with the Facility's requirements. The Court also requests that, especially if Defendants are not able to access the internet on their respective Electronic Devices, Defendants continue to have access to legal research tools in the Law Library and that, as needed, each Defendant be permitted to print from his Electronic Device directly or by using a flash drive to transfer documents to a computer from which he can print.

7. This Court will revisit this Order and any Defendant's access to his Electronic Device if it appears that he is not abiding by this Order.

8. No later than the conclusion of the proceedings against a Defendant in District Court, whether through dismissal of the charges or sentencing, that Defendant shall return his Electronic Device to his Standby Counsel, who will promptly provide the Electronic Device to the Administrative Office of the U.S. Courts.

**The Court reiterates that each Defendant in this case whose request to represent himself has been approved, including Mr. Malka and Mr. Malka, represents himself and only himself. Each pro se Defendant must communicate with the Court (whether in writing or orally) on his own behalf and may not purport to represent any other Defendant.**

The Clerk of Court is directed to terminate the motions at ECF Nos. 217 and 215. Standby Counsel are directed to send a copy of this order to their respective Defendant and to file proof of service on the docket.

Dated: March 18, 2021
      White Plains, NY

SO ORDERED:

HON. NELSON S. ROMAN
UNITED STATES DISTRICT JUDGE

3