```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 04/05/2022
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

   -against-

MATITYAU MOSHE MALKA,

                   Defendant.

S3 19-CR-497 (NSR)
(05)

ORDER

NELSON S. ROMÁN, United States District Judge:

Presently pending before the Court is *pro se* Defendant Matityau Moshe Malka's (05) "Motion for Emergency Hearing Prior to Sentencing of Co-defendants" (ECF No. 524) that standby counsel filed on his behalf on March 31, 2022, at 11:28 a.m. For the reasons below, and as orally held during the sentencing of co-Defendant Nachman Helbrans (01) on March 31, 2022, at 11:00 a.m., the Court DENIES *pro se* Defendant's motion.

On March 31, 2022, at 8:51 a.m., the Court received an email written in blue font from a "Uriel Yosef Goldman" (hereinafter, the "Goldman email"). The Goldman email included an attached purported letter from Helbrans, who is represented by counsel. In the email, the sender apologized for communicating directly with the Court, but stated that Helbrans had asked him to send the attached "critical letter" right before his sentencing that day at 11:00 a.m.[1] The purported letter over 100 pages long asked the Court to dismiss all charges against Helbrans because these "depended" on the Court's "erroneous ruling invalidating [the] legitimate marriage" between co-Defendant Jacob Rosner (04) and Jane Doe, the minor and victim in this international parental kidnapping case. (*See* ECF No. 427 (opinion and order holding that spousal privilege does not bar Jane Doe's testimony at trial against co-Defendants Helbrans and Mayer Rosner because no party

---

[1] Co-Defendant Mayer Rosner (02) was also scheduled for sentencing at the same time, but due to the length of Helbrans's sentencing hearing, the Court sentenced Mayer Rosner until around 1:45 p.m.

has provided the Court with any reason to believe that the marriage was recognized by law); ECF No. 434 (opinion and order denying motion for reconsideration on Court's holding on spousal privilege).)

Shortly thereafter, at 9:50 a.m., the Court received a forwarded email sent by a "mordechay malka"—purportedly from co-Defendant Mordechay Malka (09), who is also proceeding *pro se*—from the "mordechaymalka.defense@gmail.com" email address. While the email contained no message, it included an attached motion and an accompanying exhibit. In the attached one-page motion purportedly from Mordechay Malka, he requested a hearing for him to take the stand prior to Helbrans's sentencing at 11:00 a.m. to complain about how such proceeding would harm his own trial by tainting prospective jurors through the "negative publicity of another co-defendant's sentence." The accompanying exhibit was in fact the exact same purported letter of over 100 pages from the Goldman email which Helbrans supposedly authored.

Then, at 10:15 a.m., the Court received a forwarded email sent by a "matityau malka"—purportedly from *pro se* Defendant—from the "malkamatityau.defense@gmail.com" email address. The email's original recipient was *pro se* Defendant's standby counsel. The body of the email was also written in the same blue font as the Goldman email, in which the sender asked standby counsel to file the attached motion as soon as possible. In the attached motion purportedly from *pro se* Defendant, like the one from Mordechay Malka, he requested a hearing for him to take the stand prior to Helbrans's sentencing at 11:00 a.m. to complain about how such proceeding would harm his own trial by tainting prospective jurors through the "negative publicity of another co-defendant's sentence." (ECF No. 524 at 1.) The one-page motion also contained the exact same purported letter of over 100 pages from the Goldman email which Helbrans supposedly authored. (ECF No. 524 at 107.)

2

Minutes later, at 10:27 a.m., the Court received a third email, written in the exact same blue font as the Goldman email, but sent by a "nachman helbrans"—purportedly from Helbrans, despite him being transported to the courthouse for his sentencing at 11:00 a.m.—from the "nachmanhelbrans.defense@gmail.com" email address. Like the Goldman email, the sender in this third email apologized for communicating directly with the Court but asked it to consider the attached letter. The attached letter was the exact same letter of over 100 pages, purportedly authored by Helbrans, in which he asked the Court to dismiss all charges based on the Court's "erroneous ruling invalidating [the] legitimate marriage."

Shortly thereafter, the Court separately forwarded the emails and attached motions purportedly from *pro se* Defendant and Mordechay Malka to their respective standby counsel, informing them that the Court has no record of either defendant advising that they would be submitting motions through those email addresses. The Court also asked each respective standby counsel to confirm with *pro se* Defendant and Mordechay Malka if they themselves had prepared and submitted these documents.

At the start of Helbrans's sentencing, the Court informed the parties about the emails and the motions purportedly submitted by *pro se* Defendant, Helbrans, and Mordechay Malka. The Court then orally denied all such motions, in part, because they challenged the Court's rulings that Jacob Rosner had already unsuccessfully challenged twice previously, (*see* ECF Nos. 427 & 434), with the intent to delay Helbrans's sentencing. The Court also emphasized that the origin and content of these emails, as well as the surrounding circumstances, indicated that a third party may have been preparing and submitting these documents on behalf of the defendants. In turn, these

facts viewed together strongly suggested that such third party could be engaging in the unauthorized practice of law.[2]

At 11:25 a.m., in the middle of Helbrans's sentencing, standby counsel for *pro se* Defendant responded to the Court's email, stating that the motion had been sent to him via email that morning as well. Standby counsel also advised that *pro se* Defendant had called him at 10:50 a.m. requesting that he electronically file the motion on his behalf. But most notably, standby counsel's response did not specifically clarify whether *pro se* Defendant *himself* had prepared and submitted the motion on his own behalf through the "malkamatityau.defense@gmail.com" email address. Standby counsel filed the presently pending motion on behalf of *pro se* Defendant shortly thereafter at 11:28 a.m., even though the Court had already orally denied the motion during the sentencing. (*See* ECF No. 524.)

Lastly, at 11:54 a.m., still during Helbrans's sentencing, standby counsel for Mordechay Malka responded to the Court's email. Standby counsel stated that while she believed Mordechay Malka directed a third-party to email the motion to the Court, she had not yet had an opportunity

---

[2] New York Judiciary Law § 478 provides, in pertinent part, that:

> It shall be unlawful for any natural person to practice or appear as an attorney-at-law or as an attorney and counsel-at-law for a person other than himself or herself in a court of record in this state, or to furnish attorneys or counsel or an attorney and counsel to render legal services, or to hold himself or herself out to the public as being entitled to practice law as aforesaid, or in any other manner, or to assume to be an attorney or counsel-at-law, or to assume, use, or advertise the title of lawyer, or attorney and counsel-at-law, or attorney-at-law or counsel-at-law, or attorney, or counsel, or attorney and counselor, or equivalent terms in any language, in such a manner as to convey the impression that he or she is a legal practitioner of law or in any manner to advertise that he or she either alone or together with any other persons or person has, owns, conducts or maintains a law office or law and collection office, or office of any kind for the practice of law, without having first been duly and regularly licensed and admitted to practice law in the courts of record of this state and without having taken the constitutional oath.

The purpose of this prohibition is "to protect our citizens against the dangers of legal representation and advice given by persons not trained, examined and licensed for such work. . . ." *Spivak v. Sachs*, 16 N.Y.2d 163, 168 (1965).

to confirm the same with him. She also stated that she sent an email to the "mordechaymalka.defense@gmail.com" email address with a reminder that all filings on behalf of *pro se* defendants in this case must be done through standby counsel, and that it is a violation of the Court's order for third parties to communicate directly with the Court under any circumstances.

As an initial matter, the Court has already advised the defendants on multiple occasions that, because "they are not licensed attorneys," they "may not speak for, advocate on behalf of, or file motions on behalf of or jointly with any other Co-Defendant." (ECF No. 219; *see also* ECF No. 397 at 30–31); *United States v. Helbrans*, No. S3 19-CR-497 (NSR), 2022 WL 562930, at *8 (S.D.N.Y. Feb. 22, 2022). The Court has also advised them multiple times that "[a]lthough criminal defendants possess both the right to appear *pro se* and to appointed counsel, ordinarily those rights cannot both be exercised at the same time." *Ennis v. LeFevre*, 560 F.2d 1072 (2d Cir. 1977), *cert. denied*, 435 U.S. 976 (1978). (*See* ECF No. 436); *Helbrans*, 2022 WL 562930, at *8. Moreover, the Court has also warned the defendants that the Court will not entertain any alleged requests submitted by third parties purportedly acting on their behalf because any such requests must be submitted through their counsel of record (for those who are represented), or standby counsel (for those who are proceeding *pro se*). (*See* ECF No. 436.) Nonetheless, as the emails the Court discussed above indicate, either the defendants, or a third-party who represents to be acting on their behalf, have attempted to circumvent these requirements.

First, it still remains unclear to the Court whether *pro se* Defendant, Mordechay Malka, or Helbrans themselves prepared the submitted motions and directed a third-party to submit them on their behalf. If anything, however, as the Court noted during Helbrans's sentencing, the origin and content of these emails, as well as the surrounding circumstances, strongly suggest that a third

party could be engaging in the unauthorized practice of law by preparing and submitting these nearly identical motions purportedly on behalf of each defendant. For this reason alone, the Court need not to review the contents of any of the submitted motions.

And second, even if *pro se* Defendant, Mordechay Malka, and Helbrans did in fact prepare the motions themselves, they nonetheless attempted to circumvent the Court's requirements regardless of whether they are represented or proceeding *pro se*, respectively. Specifically, with respect to Helbrans, he would have attempted to act as his own co-counsel by submitting the motion multiple times through third parties, including *pro se* Defendant and Mordechay Malka, none of them who are his counsel of record. And with respect to *pro se* Defendant and Mordechay Malka, they would have attempted to circumvent Court's requirements by (1) having a third party, not standby counsel, to submit motions on their behalf; and (2) indirectly submitting Helbrans's motion on his behalf under the guise that they were each submitting motions of their own. Thus, the Court need not review the contents of any of the submitted motions based on these attempts to circumvent its previously well-established requirements.

And finally, as the Court noted during Helbrans's sentencing, even if the Court were to review these motions on their merits, not only were these motions untimely submitted at the eleventh hour, but they also presented challenges to rulings that the Court has already previously denied. Indeed, even when assuming that the motions had merit, the Court would still deny them as untimely because the proper relief warranted would not be the one that Helbrans ultimately sought through his own purported motion and those that *pro se* Defendant and Mordechay Malka effectively submitted on his behalf: the dismissal of all charges against him. At best, the proper relief would be that of a new trial, which would mean that the Court would have to construe these motions under Federal Rule of Criminal Procedure 33—which in turn requires any such motions

based on grounds other than newly discovered evidence to be "filed within 14 days after the verdict or finding of guilty." Fed. R. Crim. P. 33(b)(2). In fact, Helbrans did file such a motion here, (*see* ECF No. 435), which the Court denied because Helbrans failed to carry his burden in identifying any "manifest injustice" or any other reason upon which the interests of justice would warrant a new trial under Rule 33. (ECF No. 465.)

Accordingly, for the foregoing reasons, and as orally held during Helbrans's sentencing, the Court DENIES *pro se* Defendant's motion. The Clerk of the Court is directed to terminate the motion at ECF No. 524.

Dated: April 5, 2022
       White Plains, NY

SO ORDERED:

_____
NELSON S. ROMÁN
United States District Judge